# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50917
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2017

Lyle W. Cayce
Clerk

YOLANDA SALDIVAR,

                              Plaintiff-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; MELOYDE NELSON; WHITNEY FRANKS; UNIVERSITY OF MARY HARDIN BAYLOR, ("UTMB") Contractor,

                              Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CV-95

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

    Proceeding pro se and in forma pauperis, Yolanda Saldivar, Texas prisoner # 733126, appeals from the dismissal of her 42 U.S.C. § 1983 complaint in which she contended that prison officials were deliberately indifferent to her serious medical needs. We review the dismissal of Saldivar's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims for failure to state a claim de novo. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

On appeal, Saldivar does not set forth any specific argument regarding the district court's dismissal of her claims against UTMB and the other defendants in their official capacities. Accordingly, Saldivar has abandoned her claims regarding the dismissal of these claims. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Saldivar maintains that the prison official defendants, in their individual capacities, were deliberately indifferent to her serious medical needs in violation of the Eighth Amendment because she was assigned to a cell with a top bunk; the assignment caused her to fall and sustain injuries; and she was denied medical care after her fall.

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotation marks and citation omitted).

Saldivar's allegations do not demonstrate deliberate indifference on the part of the defendants. The record does not support that the defendants were aware that by assigning Saldivar to a cell with a top bunk, she faced a substantial risk of serious harm, ignored that risk, and intended for her to be harmed. *See Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994). In fact, the record reflects that at the time Saldivar was reassigned to a top bunk cell, there was no bottom bunk restriction for Saldivar. At most, the decision to move Saldivar to a cell with a top bunk was negligence or a failure to ascertain a

perceptible risk rather than deliberate indifference; Saldivar may not obtain relief on this basis. *See Domino v. Tex. Dep't of Crim. Just.*, 239 F.2d 752, 756 (5th Cir. 2001).

The record also indicates that Saldivar was not denied medical treatment. Immediately after Saldivar's fall, she was examined and treated by the prison nurse. The prison nurse continued to examine and treat Saldivar from the day of the injury until Saldivar saw the prison doctor. The record does not support a conclusion that the defendants refused to treat Saldivar, ignored her complaints, intentionally treated her incorrectly, or acted in any way to evidence a wanton disregard for her serious medical needs. *See id.* Further, Saldivar's contention that she was denied medical care because she was not seen by the prison doctor, instead of the prison nurse, until 10 days after her fall does not amount to deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *see also Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Saldivar also alleges that the defendants should be held liable for their employees' actions regarding her top bunk assignment and lack of medical treatment. Saldivar's allegations, which fail to include any facts demonstrating personal involvement by the defendants or a causal connection between the defendants' supervision or training of their employees and the alleged constitutional violations, are insufficient to establish supervisor liability. *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001).

Lastly, Saldivar's contention that the district court erred by not providing an opportunity to amend her complaint before dismissing her claims is without merit. The district court ordered Saldivar to provide a more definite

statement to better ascertain Saldivar's claims. Saldivar complied. Even with the opportunity to provide a more definite statement, Saldivar's claims were found to be inadequate, demonstrating that Saldivar had already alleged her best case and that any further amendment would not have stated a valid § 1983 claim. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly, the district court's judgment is affirmed. The district court's dismissal of Saldivar's complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Saldivar is warned that if she accumulates three strikes, she may not proceed in forma pauperis in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.